> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS. PARTIES RECEIVING THIS NOTICE OF THE NINETEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE REORGANIZED DEBTORS' COUNSEL ELI BLECHMAN AT (212) 310-8073 OR ELI.BLECHMAN@WEIL.COM, OR INTISARUL ISLAM AT (212) 310-8475 OR INTISARUL.ISLAM@WEIL.COM.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **FUSION PM HOLDINGS, INC.,[1]** | : | **Case No. 19-11816 (DSJ)** |
| | : | |
| **Reorganized Debtor.** | : | |
| | : | |

**NOTICE OF HEARING ON NINETEENTH OMNIBUS OBJECTION TO
PROOFS OF CLAIM (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)**

**PLEASE TAKE NOTICE** that on September 13, 2021, Fusion Connect, Inc. and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**") filed the *Nineteenth Omnibus Objection to Proofs of Claim (Reclassification as General Unsecured Claims)* (the "**Objection**") with the United States

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (2478). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11816 (DSJ).

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Objection requests that the Bankruptcy Court reclassify in its entirety certain proofs of claims (collectively, the "**Proofs of Claim**") listed on **Exhibit A** annexed to the Objection on the grounds that in each case, such claim is not entitled to administrative or priority status.

If you do NOT oppose the reclassification of your Proof(s) of Claim, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the reclassification of your Proof(s) of Claim, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before **4:00 p.m. (prevailing Eastern Time) on October 19, 2021** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, Fusion PM Holdings, Inc., the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the Proof of Claim; (iii) a concise statement setting forth the reasons why the Proof of Claim should not be reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the Proof of Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Reorganized Debtors must return any reply to your response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Proof of Claim on your behalf.

Any responses ("**Responses**") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served in accordance with General Order M–399, to the extent applicable, and served on the following parties by the Response Deadline: (i) the chambers of the Honorable David S. Jones, United States Bankruptcy Judge, One Bowling Green, Room 501, New York, New York 10004 and (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Eli Blechman (Eli.Blechman@weil.com) or Intisarul Islam (Intisarul.Islam@weil.com)), attorneys for the Reorganized Debtors.

A hearing to consider the Objection will be held on **October 26, 2021 at 10:00 a.m. (prevailing Eastern Time)** in the Bankruptcy Court, One Bowling Green, Room 501, New York, New York, 10004. If you file a written response to the Objection, you should plan to appear telephonically at the hearing. The Reorganized Debtors, however, reserve the right to continue the hearing on the Objection with respect to your Claim(s). If the Reorganized Debtors do continue the hearing with respect to your Claim(s), then the hearing will be held at a later date. If the Reorganized Debtors do not continue the hearing with respect to your Claim(s), then a hearing on the Objection will be conducted on the above date.

The Bankruptcy Court has entered General Order M-543 in order to protect public health, and in recognition of the national emergency that was declared by the President of the

United States on March 13, 2020, the Bankruptcy Court has ordered all hearings to be conducted telephonically. If you wish to appear at, or attend, the hearing, please refer to the Bankruptcy Judge's guidelines for telephonic appearances at www.nysb.uscourts.gov and make arrangements with Court Solutions LLC at (646) 760-4600 or https://court-solutions.com/.

If you wish to view the complete Objection, you can do so for free at https://cases.primeclerk.com/Fusion/Home, or by calling Prime Clerk at (212) 257-5450 to request a copy by mail. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

Dated: September 14, 2021
     New York, New York

                                        /s/ *Sunny Singh*
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007
                                        Gary T. Holtzer
                                        Sunny Singh

                                        *Attorneys for the Reorganized Debtors*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re** | **Chapter 11** |
| **FUSION PM HOLDINGS, INC.,[1]** | **Case No. 19-11816 (DSJ)** |
| **Reorganized Debtor.** |  |

**NINETEENTH OMNIBUS OBJECTION TO PROOFS OF CLAIM**
**(RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)**

> **THIS OBJECTION SEEKS TO RECLASSIFY AS GENERAL UNSECURED CLAIMS CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE REORGANIZED DEBTORS' COUNSEL ELI BLECHMAN AT (212) 310-8073 OR ELI.BLECHMAN@WEIL.COM, OR INTISARUL ISLAM AT (212) 310-8475 OR INTISARUL.ISLAM@WEIL.COM.**

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (2478). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11816 (DSJ).

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Fusion Connect, Inc. and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**") respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

### Background

1. On June 3, 2019, Fusion Connect, Inc. and certain of its subsidiaries (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On December 17, 2019, the Court entered the *Order (I) Confirming Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors and (II) Granting Related Relief* (ECF No. 680) (the "**Confirmation Order**").[2]

4. The effective date of the Third Amended Plan occurred on January 14, 2020. *See Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors and (II) Occurrence of Effective Date* (ECF No. 725).

5. The Litigation Trust was established pursuant to the Third Amended Plan, the Confirmation Order, and that certain Litigation Trust Agreement, dated as of January 14, 2020 (the "**Litigation Trust Agreement**"), by and among the Debtors, Neal P. Goldman, in his capacity as Litigation Trustee and member of the Litigation Trust Oversight Committee, the Non-Trustee

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Confirmation Order or the Third Amended Plan, as applicable.

Oversight Committee Members (as defined in the Litigation Trust Agreement), Wilmington Savings Fund Society, FSB, as Delaware resident trustee, and the Creditors' Committee.

6. On June 25, 2021, the Court entered the *Order (I) Entering Final Decree Closing the Fully Administered Cases and (II) Granting Related Relief* (ECF No. 1010), closing the chapter 11 cases of all Debtors, except for Fusion PM Holdings, Inc.

## Claims Process

7. On July 16, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (ECF Nos. 191-228).

8. On July 16, 2019, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (ECF No. 188) (the "**Bar Date Order**"). Pursuant to the Bar Date Order, the Court set (a) August 27, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' chapter 11 cases and (b) December 2, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file a proof of claim in the Debtors' chapter 11 cases.

9. The claims register, prepared and maintained by Prime Clerk LLP ("**Prime Clerk**"), shows that approximately 1,647 proofs of claim (the "**Proofs of Claim**") were filed in these chapter 11 cases. The Reorganized Debtors are actively reviewing and reconciling the Proofs of Claim, which involves the collective effort of the Reorganized Debtors' employees and their advisors.

## Jurisdiction

10. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

11. The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order reclassifying the asserted administrative expense or priority amounts of the claims listed on **Exhibit A** annexed hereto (collectively, the "**Reclassified Claims**"), as General Unsecured Claims (as defined in the Third Amended Plan).

12. The Reorganized Debtors and their professionals have examined each Reclassified Claim, the Reorganized Debtors' respective books and records, and any documentation provided with each Reclassified Claim, and have determined that in each case, the Reclassified Claim improperly asserts that all or part of such claim is a priority and/or administrative claim (including pursuant to section 503(b)(9)). The specific reason for objecting to each Reclassified Claim is set forth in the column entitled "*Reason for Proposed Reclassification to General Unsecured Claim*" on **Exhibit A** annexed hereto.

13. Accordingly, the Reorganized Debtors seek entry of an order reclassifying in full the Reclassified Claims to General Unsecured Claims. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

14. To the extent the grounds for objecting herein are beyond the scope of those set forth in Bankruptcy Rule 3007(d), the Reorganized Debtors seek permission to file this omnibus Objection to ease the administrative and financial burdens attendant to filing separate objections to each of the claims herein on the same grounds.

15. The Reorganized Debtors preserve their rights to later object on any basis to any Reclassified Claim as to which the Bankruptcy Court does not grant the relief requested herein. The Litigation Trust's rights to object to the Reclassified Claims shall likewise be reserved.

This Objection does not constitute an admission or acknowledgement by the Reorganized Debtors or the Litigation Trust that any of the Reclassified Claims should be allowed as reclassified.

**The Reclassified Claims Should Be Reclassified as General Unsecured Claims**

16. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 12 CIV. 6074 RJS, 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

17. In addition, a claimant asserting an administrative expense claim priority bears the burden of establishing their entitlement to such priority. *See*, *e.g.*, *In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.") (quotation omitted).

18. Section 503 of the Bankruptcy Code establishes an administrative expense priority for certain enumerated categories of estate expenses. Specifically, section 503(b)(1)(A) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed,

administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A).  Courts have developed a two-part test to determine whether claims should be entitled to administrative priority that requires: (1) the claim must have arisen out of a postpetition transaction between the creditor and debtor in possession, and (2) the consideration supporting the claimant's right to payment must have been both supplied and beneficial to the postpetition estate and operation of the postpetition business. *See In re Grubb & Ellis Co.*, 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012); *In re N.Y. Trap Rock Corp.*, 137 B.R. 568, 572 (Bankr. S.D.N.Y. 1992); *Valley Media, Inc.*, 279 B.R.105, 140–41 (Bankr. D. Del. 2002); *see also Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001).

19. Section 503(b)(9) of the Bankruptcy Code provides that

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including –

(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under [title 11] in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).  Section 503(b)(9) applies only to claims relating to "goods" received by a debtor and requires such goods to have been received by the debtor in the ordinary course of business within twenty days prior to the commencement of the bankruptcy filing. *See id.*; *see*, *e.g.*, *In re Samaritan Alliance, LLC*, Case No. 07-50735, 2008 WL 2520107 (Bankr. E.D. Ky. 2008) (describing the applicable definition of goods, which generally does not include services or other nontangible items).

20. Section 507 of the Bankruptcy Code outlines the specific types of claims that are entitled to priority over other claims asserted against a debtor.  Section 507(a) provides bases under which a claim might be entitled to administrative or priority status, including administrative expenses allowed under section 503(b) of the Bankruptcy Code.  11 U.S.C. § 507(a)(2).

6

21. As set forth more specifically on **Exhibit A** attached hereto, the claimants assert that the Reclassified Claims are entitled to administrative expense or priority status.

22. The Reorganized Debtors have reviewed the claims set forth on **Exhibit A** and determined, for the reasons set forth under the heading "*Reason for Proposed Reclassification to General Unsecured Claim*" on **Exhibit A** to this Objection, that each of the Reclassified Claims improperly asserts that all or part of such claim is a priority and/or administrative claim (including pursuant to section 503(b)(9)). Each of the Reclassified Claims (a) does not satisfy the requirements for administrative expense priority under section 503(b)(9), (b) is not entitled to administrative expense status under section 503(b), generally, or any other section of the Bankruptcy Code, and/or (c) is not entitled to priority status under any of the subsections of section 507(a) of the Bankruptcy Code.

23. Accordingly, the Reorganized Debtors seek entry of an order reclassifying in full the Reclassified Claims to General Unsecured Claims.

## Separate Contested Matters

24. To the extent a Response is filed regarding any claim listed in this Objection and the Reorganized Debtors are unable to resolve the Response, the objection by the Reorganized Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## Reservation of Rights

25. The rights of the Reorganized Debtors to (i) file subsequent objections to any claims subject hereto on any ground; (ii) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid;

and (iv) settle any claim for less than the asserted amount are fully reserved.  Separate notice and a hearing will be provided in connection with any such additional objections.

26. In addition, the rights of the Litigation Trust to assert further objections to the Reclassified Claims on any ground, in full or in part, are fully preserved.

### Notice

27. Notice of this Objection has been provided to each person listed on **Exhibit A** and all parties in interest in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 120) and Bankruptcy Rule 3007(a).  The Reorganized Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

28. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: September 14, 2021
      New York, New York

/s/ *Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for the Reorganized Debtors*

# Exhibit A

**Reclassified Claims**

| Reference | Claimaint Name | Case Number | Debtor Name | Date Filed | Claim Number | Total Amount Asserted | Asserted Admin Priority Amount | Asserted 503(b)(9) Admin Priority Amount | Asserted Secured Amount | Asserted Priority Amount | General Unsecured Claim | Reason for Proposed Reclassification to General Unsecured Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Dell Marketing, L.P. | 19-11811 | Fusion Connect, Inc. | 10/29/2019 | 1325 | $548,408.70 | $ 13,375.82 | $ - | $ - | $ - | $ 535,032.88 | This claim should be reclassified in its entirety to a general unsecured claim. Upon review of the claim, including any documentation attached to the claim and the Reorganized Debtors' books and records, this claim is not legally entitled to priority because it does not satisfy the requirements of 11 U.S.C. Section 507(a)(2) or 11 U.S.C. Section 503(b). |
| 2 | Ladies and Gentlemen Hair Stylist | 19-11811 | Fusion Connect, Inc. | 2/2/2021 | 1691 | $642.33 | $ - | $ 642.33 | $ - | $ 642.33 | $ - | This claim should be reclassified in its entirety to a general unsecured claim. Upon review of the claim, including any documentation attached to the claim and the Reorganized Debtors' books and records, this claim is not legally entitled to priority under 11 U.S.C. Section 503(b)(9) or 11 U.S.C. Section 507(a)(7) because it does not satisfy the requirements of either section. |

**Exhibit B**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **FUSION PM HOLDINGS, INC.,**[1] | : | **Case No. 19-11816 (DSJ)** |
| | : | |
| **Reorganized Debtor.** | : | |
| | : | |

## ORDER GRANTING NINETEENTH OMNIBUS OBJECTION TO CLAIMS (RECLASSIFICATION AS GENERAL UNSECURED CLAIMS)

Upon the *Nineteenth Omnibus Objection to Claims (Reclassification to General Unsecured Claims)* filed on September 14, 2021 (the "**Objection**")[2] of Fusion Connect, Inc. and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**") pursuant to section 502 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order reclassifying the Reclassified Claims (as defined herein) as General Unsecured Claims, all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*,

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (2478). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11816 (DSJ).

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection.

dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on October 26, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Reorganized Debtors, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, any administrative expense or priority amounts of each claim listed on **Exhibit A** annexed hereto (the "**Reclassified Claims**") are reclassified as General Unsecured Claim amounts.

3. The form of the Objection as an omnibus objection is approved.

4. Nothing herein shall constitute an admission or finding concerning the amount or validity of any of the Reclassified Claims.

5. The rights of the Reorganized Debtors and the Litigation Trust, as applicable, to assert further objections to the Reclassified Claims, in whole or in part, and on any basis, are fully preserved.

6. Each Reclassified Claim and the objections by the Reorganized Debtors to such claims, as set forth on **Exhibit A** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each such Reclassified Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any Reclassified Claim referenced or identified in the Objection that is not listed on **Exhibit A** annexed hereto.

8. The Reorganized Debtors, Prime Clerk LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this Order.

9. The terms and conditions of this Order are effective immediately upon entry.

10. This Bankruptcy Court shall retain jurisdiction over the Reorganized Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: _____, 2021
       New York, New York

                                        HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

**Reclassified Claims**

| Reference | Claimaint Name | Case Number | Debtor Name | Date Filed | Claim Number | Total Amount Asserted | Asserted Admin Priority Amount | Asserted 503(b)(9) Admin Priority Amount | Asserted Secured Amount | Asserted Priority Amount | General Unsecured Claim | Reason for Proposed Reclassification to General Unsecured Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Dell Marketing, L.P. | 19-11811 | Fusion Connect, Inc. | 10/29/2019 | 1325 | $548,408.70 | $ 13,375.82 | $ - | $ - | $ - | $ 535,032.88 | This claim should be reclassified in its entirety to a general unsecured claim. Upon review of the claim, including any documentation attached to the claim and the Reorganized Debtors' books and records, this claim is not legally entitled to priority because it does not satisfy the requirements of 11 U.S.C. Section 507(a)(2) or 11 U.S.C. Section 503(b). |
| 2 | Ladies and Gentlemen Hair Stylist | 19-11811 | Fusion Connect, Inc. | 2/2/2021 | 1691 | $642.33 | $ - | $ 642.33 | $ - | $ 642.33 | $ - | This claim should be reclassified in its entirety to a general unsecured claim. Upon review of the claim, including any documentation attached to the claim and the Reorganized Debtors' books and records, this claim is not legally entitled to priority under 11 U.S.C. Section 503(b)(9) or 11 U.S.C. Section 507(a)(7) because it does not satisfy the requirements of either section. |