**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TWENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE REORGANIZED DEBTORS' COUNSEL ELI BLECHMAN AT (212) 310-8073 OR ELI.BLECHMAN@WEIL.COM, OR INTISARUL ISLAM AT (212) 310-8475 OR INTISARUL.ISLAM@WEIL.COM.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **FUSION PM HOLDINGS, INC.,**[1] | : | Case No. 19-11816 (DSJ) |
| | : | |
| Reorganized Debtor. | : | |
| | : | |

**NOTICE OF HEARING ON TWENTIETH OMNIBUS OBJECTION**
**TO PROOFS OF CLAIM (DUPLICATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on September 14, 2021, Fusion Connect, Inc. and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**") filed the *Twentieth Omnibus Objection to Proofs of Claim (Duplicative Claims)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of

---

[1]  The last four digits of the Reorganized Debtor's federal tax identification number is (2478).  The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339.  The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597).  Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11816 (DSJ).

New York (the "**Bankruptcy Court**"). The Objection requests that the Bankruptcy Court disallow and expunge one or more proofs of claim (the "**Proof(s) of Claim**") listed on **Exhibit A** annexed to the Objection on the ground that each of the claims is duplicative of one or more claim(s) asserted against the Debtors in these chapter 11 cases.

If you do NOT oppose the disallowance and expungement of your Proof(s) of Claim, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your Proof(s) of Claim, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before **4:00 p.m. (prevailing Eastern Time) on October 19, 2021** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, Fusion PM Holdings, Inc., the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the Proof of Claim; (iii) a concise statement setting forth the reasons why the Proof of Claim should not be disallowed or expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the Proof of Claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Reorganized Debtors must return any reply to your response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be

you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the Proof of Claim on your behalf.

Any responses ("**Responses**") must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and shall be filed with the Bankruptcy Court (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M–399 (which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M–399, to the extent applicable, and served in accordance with General Order M–399, to the extent applicable, and served on the following parties by the Response Deadline: (i) the chambers of the Honorable David S. Jones, United States Bankruptcy Judge, One Bowling Green, Room 501, New York, New York 10004 and (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Eli Blechman (Eli.Blechman@weil.com) or Intisarul Islam (Intisarul.Islam@weil.com)), attorneys for the Reorganized Debtors.

A hearing to consider the Objection will be held on **October 26, 2021 at 10:00 a.m. (prevailing Eastern Time)** in the Bankruptcy Court, One Bowling Green, Room 501, New York, New York, 10004. If you file a written response to the Objection, you should plan to appear telephonically at the hearing. The Reorganized Debtors, however, reserve the right to continue the hearing on the Objection with respect to your Claim(s). If the Reorganized Debtors do continue the hearing with respect to your Claim(s), then the hearing will be held at a later date. If the Reorganized Debtors do not continue the hearing with respect to your Claim(s), then a hearing on the Objection will be conducted on the above date.

The Bankruptcy Court has entered General Order M-543 in order to protect public health, and in recognition of the national emergency that was declared by the President of the United States on March 13, 2020, the Bankruptcy Court has ordered all hearings to be conducted telephonically. If you wish to appear at, or attend, the hearing, please refer to the Bankruptcy Judge's guidelines for telephonic appearances at www.nysb.uscourts.gov and make arrangement with Court Solutions LLC at (646) 760-4600 or https://court-solutions.com/.

If you wish to view the complete Objection, you can do so for free at https://cases.primeclerk.com/Fusion/Home, or by calling Prime Clerk at (212) 257-5450 to request a copy by mail. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS**.

Dated: September 14, 2021
      New York, New York

/s/ *Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for the Reorganized Debtors*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | : | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **FUSION PM HOLDINGS, INC.,**[1] | : | **Case No. 19-11816 (DSJ)** |
| | : | |
| **Reorganized Debtor.** | : | |
| | : | |

**TWENTIETH OMNIBUS OBJECTION**
**TO PROOFS OF CLAIM (DUPLICATIVE CLAIMS)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT THE REORGANIZED DEBTORS' COUNSEL ELI BLECHMAN AT (212) 310-8073 OR ELI.BLECHMAN@WEIL.COM, OR INTISARUL ISLAM AT (212) 310-8475 OR INTISARUL.ISLAM@WEIL.COM.**

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (2478). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11816 (DSJ).

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

        Fusion Connect, Inc. and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**") respectfully represent as follows in support of this omnibus objection (the "**Objection**"):

## Background

1. On June 3, 2019, Fusion Connect, Inc. and certain of its subsidiaries (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On December 17, 2019, the Court entered the *Order I) Confirming Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors and (II) Granting Related Relief* (ECF No. 680) (the "**Confirmation Order**").[2]

4. The Effective Date of the Third Amended Plan occurred on January 14, 2020. *See Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors and (II) Occurrence of Effective Date* (ECF No. 725).

5. On June 25, 2021, the Court entered the *Order (I) Entering Final Decree Closing the Fully Administered Cases and (II) Granting Related Relief* (ECF No. 1010), closing the chapter 11 cases of all Debtors, except for Fusion PM Holdings, Inc.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Confirmation Order or the Third Amended Plan, as applicable.

**Claims Process**

6. On July 16, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (ECF Nos. 191-228).

7. On July 16, 2019, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (ECF No. 188) (the "**Bar Date Order**"). Pursuant to the Bar Date Order, the Court set (a) August 27, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' chapter 11 cases and (b) December 2, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file a proof of claim in the Debtors' chapter 11 cases.

8. The claims register, prepared and maintained by Prime Clerk LLP ("**Prime Clerk**"), shows that approximately 1,647 proofs of claim (the "**Proofs of Claim**") were filed in these chapter 11 cases. The Reorganized Debtors are actively reviewing and reconciling the Proofs of Claim, and the ongoing claims reconciliation process involves the collective effort of the Reorganized Debtors' employees and their advisors.

**Jurisdiction**

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

10. The Reorganized Debtors file this Objection pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007, seeking entry of an order disallowing and expunging the claims listed on **Exhibit A** annexed hereto, under the heading "*Claims to Be Disallowed*" (the "**Duplicative Claims**").

11. The Reorganized Debtors and their advisors have examined each Duplicative Claim, the Reorganized Debtors' respective books and records, and any documentation provided with each Duplicative Claim, and have determined in each case that the Duplicative Claim is duplicative of the corresponding claim identified under the heading "*Surviving Claims*" on **Exhibit A** (the "**Surviving Claims**").

12. To the extent the grounds for objecting herein are beyond the scope of those set forth in Bankruptcy Rule 3007(d), the Reorganized Debtors seek permission to file this omnibus Objection to ease the administrative and financial burdens attendant to filing separate objections to each of the claims herein on the same grounds.

13. The Reorganized Debtors therefore request that the Duplicative Claims be disallowed and expunged. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

14. This Objection does not affect any of the Surviving Claims and does not constitute an admission or acknowledgement by the Reorganized Debtors that any such claims should be allowed. The Reorganized Debtors preserve their rights to later object in whole or in part and on any basis to any Surviving Claim.

**The Duplicative Claims Should Be Disallowed and Expunged**

15. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Upon an objection, the claimant has the burden to demonstrate the validity of the claim. *See In re Arcapita Bank B.S.C.(c)*, 508 B.R. 814, 817 (S.D.N.Y. 2014); *In re Motors Liquidation Co.*, No. 12 CIV. 6074 RJS, 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013); *In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd*, No. 09 Civ. 2229 (DC), 2010 WL 234827, at *5 (S.D.N.Y. Jan. 22, 2010).

16. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Further, Bankruptcy Rule 3007(d) permits a debtor to file objections to more than one claim on the basis that, among other things, such claims "duplicate other claims[.]" Fed. R. Bankr. P. 3007(d)(1).

17. The Reorganized Debtors cannot be required to pay on the same claim more than once. *See*, *e.g.*, *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 892 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Courts routinely disallow and expunge duplicative claims filed against the same debtor. *See*, *e.g.*, *In re SunEdison, Inc., et al.*, Case No. 16-10992 (Bankr. S.D.N.Y. Dec. 4, 2019) (ECF No. 6149) (disallowing and expunging duplicative claims); *In re Avaya Inc.*, *et al.*, Case No. 17-10089 (Bankr. S.D.N.Y. Nov. 11, 2017) (ECF No. 1493) (same); *In re Breitburn Energy Partners LP, et al.*, Case No. 16-11390 (Bankr. S.D.N.Y. Dec. 16, 2016) (ECF No. 855) (same); *In re AOG Entertainment Inc., et al.*, Case No. 16-11090 (Bankr. S.D.N.Y. Nov. 23, 2016) (ECF No. 506) (same).

18. The Reorganized Debtors and their advisors have reviewed the Duplicative Claims, all documents furnished by the claimants with respect to the Duplicative Claims, and the Reorganized Debtors' books and records, and have determined that each Duplicative Claim is duplicative of the applicable Surviving Claim because the Duplicative Claim either (i) was filed by or on behalf of the same claimant against the same Debtor for a liability arising from identical bases, even though the proofs of claim are otherwise not exact duplicates or (ii) asserts the same liability arising from identical bases against multiple Debtors

5

that can only be properly asserted, if at all, against one Debtor, and in particular the Debtor listed in the Surviving Claim.

19. To ensure that the claims register is accurate and to avoid the possibility of multiple recoveries on account of the same liability, the Reorganized Debtors seek entry of the Proposed Order disallowing and expunging in their entirety the Duplicative Claims from the claims register.

## Separate Contested Matters

20. To the extent a Response is filed regarding any claim listed in this Objection and the Reorganized Debtors are unable to resolve the Response, the objection by the Reorganized Debtors to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding a Response asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## Reservation of Rights

21. The rights of the Reorganized Debtors to (i) file subsequent objections to any claims subject hereto on any ground to the extent there are surviving claims; (ii) amend, modify, or supplement this Objection including, without limitation, the filing of objections to further amended or newly-filed claims; (iii) seek to expunge or reduce any claim to the extent all or a portion of such claim has been paid; and (iv) settle any claim for less than the asserted amount are fully reserved. Separate notice and a hearing will be provided in connection with any such additional objections.

## Notice

22. Notice of this Objection has been provided to each person listed on **Exhibit A** and all parties in interest in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 120) and Bankruptcy

Rule 3007(a). The Reorganized Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Reorganized Debtors to this or any other Court.

WHEREFORE the Reorganized Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: September 14, 2021
     New York, New York

/s/ *Sunny Singh*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Sunny Singh

*Attorneys for the Reorganized Debtors*

# Exhibit A

# Duplicative Claims

| CLAIMS TO BE DISALLOWED | | | | | | | | | SURVIVING CLAIM | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Debtor Name | Claimant | Claim No. to be Disallowed | Asserted Administrative Priority Claim Amount | Asserted 503(b)(9) Administrative Priority Claim Amount | Asserted Secured Claim Amount | Asserted Priority Claim Amount | Asserted General Unsecured Claim Amount | Asserted Total Claim Amount | Debtor Name | Claimant | Surviving Claim No. | Asserted Administrative Priority Claim Amount | Asserted 503(b)(9) Administrative Priority Claim Amount | Asserted Secured Claim Amount | Asserted Priority Claim Amount | Asserted General Unsecured Claim Amount | Asserted Total Claim Amount |
| Fusion Connect, Inc. | Oregon Department of Revenue | 1689 | $ - | $ - | $ - | $ 244.01 | $ 119.58 | $ 363.59 | Fusion Connect, Inc. | Oregon Department of Revenue | 1688 | $ - | $ - | $ - | $ 244.01 | $ 119.58 | $ 363.59 |
| Fusion Connect, Inc. | Oregon Department of Revenue | 1653 | $ - | $ - | $ - | $ 12,803.28 | $ 3,163.74 | $ 15,967.02 | Fusion Connect, Inc. | Oregon Department of Revenue | 1652 | $ - | $ - | $ - | $12,803.28 | $3,163.74 | $15,967.02 |

**Note:** Claim 1652 was expunged under the *Order Granting Fifteenth Omnibus Objection to Claims (Amended and Superseded Claims)* on the ground that it had been amended and superseded by Claim 1688.

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **FUSION PM HOLDINGS, INC.,**[1] | : | **Case No. 19-11816 (DSJ)** |
|  | : |  |
| **Reorganized Debtor.** | : |  |
|  | : |  |

# ORDER GRANTING TWENTIETH OMNIBUS
# OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the *Twentieth Omnibus Objection to Claims (Duplicative Claims)* filed on September 14, 2021 (the "**Objection**")[2] of Fusion Connect, Inc. and its reorganized debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Reorganized Debtors**"), pursuant to section 502 of title 11 of the United States Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for an order disallowing and expunging the Duplicative Claims (as defined herein), all as more fully set forth in the Objection; and the Bankruptcy Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and the relief

---

[1] The last four digits of the Reorganized Debtor's federal tax identification number is (2478). The Reorganized Debtor's corporate headquarters and service address is 210 Interstate North Parkway, Suite 200, Atlanta, Georgia 30339. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of June 25, 2021: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); and Fusion Management Services LLC (5597). Commencing on June 25, 2021, all motions, notices and other pleadings relating to any of the Reorganized Debtors shall be filed in Case No. 19-11816 (DSJ).

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection on October 26, 2021 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Reorganized Debtors, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Objection is granted to the extent set forth herein.

2. Each claim listed on **Exhibit A** annexed to this Order under the heading "*Claim to Be Disallowed*" (the "**Duplicative Claims**") is disallowed and expunged in its entirety, and each such Duplicative Claim shall be deleted from the claims register.

3. The disallowance and expungement of the Duplicative Claims does not constitute any admission or finding concerning any of the claims listed on **Exhibit A** under the heading "*Surviving Claim*" (the "**Surviving Claims**"), and the Surviving Claims are neither allowed nor disallowed by this Order.

4. The rights of the Reorganized Debtors to assert further objections to the Surviving Claims, in whole or in part, and on any basis, are fully preserved.

5. Each Duplicative Claim and the objections by the Reorganized Debtors to such claims, as set forth on **Exhibit A** hereto, constitutes a separate contested matter as

contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each such Duplicative Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall apply only to the contested matter which involves such claimant and shall not act to stay the applicability and/or the finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6. This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any Duplicative Claim referenced or identified in the Objection that is not listed on **Exhibit A** annexed hereto.

7. The Reorganized Debtors, Prime Clerk LLC, and the Clerk of this Bankruptcy Court are authorized to take all reasonable actions necessary or appropriate to give effect to this Order.

8. The terms and conditions of this Order are effective immediately upon entry.

9. This Bankruptcy Court shall retain jurisdiction over the Reorganized Debtors and the claimants whose claims are subject to the Objection with respect to any matters related to or arising from the Objection or the implementation of this Order.

Dated: _____, 2021  
        New York, New York

                                            HONORABLE DAVID S. JONES  
                                            UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

# Duplicative Claims

| CLAIMS TO BE DISALLOWED | | | | | | | | | SURVIVING CLAIM | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Debtor Name | Claimant | Claim No. to be Disallowed | Asserted Administrative Priority Claim Amount | Asserted 503(b)(9) Administrative Priority Claim Amount | Asserted Secured Claim Amount | Asserted Priority Claim Amount | Asserted General Unsecured Claim Amount | Asserted Total Claim Amount | Debtor Name | Claimant | Surviving Claim No. | Asserted Administrative Priority Claim Amount | Asserted 503(b)(9) Administrative Priority Claim Amount | Asserted Secured Claim Amount | Asserted Priority Claim Amount | Asserted General Unsecured Claim Amount | Asserted Total Claim Amount |
| Fusion Connect, Inc. | Oregon Department of Revenue | 1689 | $ - | $ - | $ - | $ 244.01 | $ 119.58 | $ 363.59 | Fusion Connect, Inc. | Oregon Department of Revenue | 1688 | $ - | $ - | $ - | $ 244.01 | $ 119.58 | $ 363.59 |
| Fusion Connect, Inc. | Oregon Department of Revenue | 1653 | $ - | $ - | $ - | $ 12,803.28 | $ 3,163.74 | $ 15,967.02 | Fusion Connect, Inc. | Oregon Department of Revenue | 1652 | $ - | $ - | $ - | $12,803.28 | $3,163.74 | $15,967.02 |

**Note:** Claim 1652 was expunged under the *Order Granting Fifteenth Omnibus Objection to Claims (Amended and Superseded Claims)* on the ground that it had been amended and superseded by Claim 1688.